RESOLUCIÓN
En enero de este año, en conformidad con las disposicio-nes del Art. 5.002 del nuevo Código Electoral de Puerto Rico para el Siglo XXI, Ley 78-2011, según enmendada por la Ley 230-2011, y de la Resolución emitida por este Tri *790 bunal el 12 de enero de 2012 en el asunto de referencia, la Oficina de Administración de los Tribunales llevó a cabo el proceso de seleccionar los jueces y las juezas que fungirán como Presidente, Presidenta, Presidente y Presidenta Al-terna de las Comisiones Locales de Elecciones. Este pro-ceso, que se efectuó mediante el método de Selección Alea-torio Simple con Reposición (SASR), determinado por este Tribunal, y ante la presencia de diversos funcionarios de la Comisión Estatal de Elecciones, se realizó con total transparencia. Como resultado, se nombraron exitosa-mente y conforme a la ley los jueces y las juezas como Pre-sidentes, Presidentas, Presidentes Alternos y Presidentas Alternas, a todos los precintos electorales de la isla.
Ahora bien, notificados los resultados de ese proceso, ciertos jueces y ciertas juezas han solicitado que se les exo-nere de presidir o fungir como alternos y alternas en las Comisiones Locales de Elecciones. Entre las razones para solicitar la exoneración se invocan: razones de salud; rela-ciones de parentesco o amistad con los representantes de los partidos políticos o con los funcionarios de las Comisio-nes Locales de Elecciones que presiden o en las que se des-empeñan como presidentes alternos, y otras causas que, a juicio de los jueces y las juezas que solicitan se les excluya, pudieran razonablemente arrojar dudas sobre su imparcia-lidad para adjudicar o que mine la confianza pública en los procesos electorales.
Ya que la Resolución que emitió este Tribunal no regula lo relacionado con el proceso para solicitar exclusión o rea-signación de participar en el referido proceso, procede atender este asunto. Por ello, regulamos el método de ex-clusión o reasignación de un juez seleccionado como Presi-dente o Presidente Alterno o de una jueza seleccionada como Presidenta o Presidenta Alterna de la Comisión Local de Elecciones, y se instruye a la Directora Administrativa de los Tribunales, Hon. Sonia I. Vélez Colón, que considere *791 la exclusión o reasignación de un juez o una jueza en las situaciones siguientes:

Exclusión o reasignación del juez seleccionado como Presidente o Presidente Alterno o de la jueza seleccionada como Presidenta o Presidenta Alterna de una Comisión Local de Elecciones

Cuándo ocurrirá la exclusión

Un juez o una jueza podrá ser excluido o excluida de actuar como Presidente o Presidenta, Presidente Alterno o Presi-denta Alterna de una Comisión Local de Elecciones si padece de algún tipo de enfermedad severa o incapacitante, certifi-cada por un médico o una médica.

Cuándo ocurrirá la reasignación

Un juez o una jueza podrá ser reasignado o reasignada a actuar, dentro de la misma Región Judicial a la que pertenece o en una Región Judicial adyacente, como Presidente o Presi-denta, Presidente Alterno o Presidenta Alterna de una Comi-sión Local de Elecciones distinta a la que le correspondió me-diante sorteo, en cualquiera de los casos siguientes:
(a) por tener prejuicio o parcialidad hacia cualquiera de los Comisionados o las Comisionadas Electorales, funcionarios o funcionarías de la Comisión, o las personas que intervengan o participen en el proceso electoral dentro de la Comisión Local de Elecciones en que le correspondió ser Presidente, Presi-denta, Presidente Alterno o Presidenta Alterna;
(b) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con los Comisionados o las Comisiona-das Electorales o con cualquiera otro funcionario o funcionaría de la Comisión Local de Elecciones en que le correspondió ser Presidente, Presidenta, Presidente Alterno o Presidenta Al-terna;
(c) por existir una relación de amistad de tal naturaleza entre el juez o la jueza y cualquiera de los Comisionados o las Comisionadas Electorales, funcionarios o funcionarías de la Comisión, o las personas que intervengan o participen en el proceso electoral dentro de la Comisión Local de Elecciones que le correspondió ser Presidente, Presidenta, Presidente Al-terno o Presidenta Alterna, y que pueda afectar la transparen-cia de la cual debe estar revestido todo proceso electoral;
(d) por existir alguna relación de negocios con los Comisio-nados o las Comisionadas Electorales, o con cualquier otro funcionario o funcionaría de la Comisión Local de Elecciones *792 en que le correspondió ser Presidente, Presidenta, Presidente Alterno o Presidenta Alterna, o
(e) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad o que tienda a minar la confianza pública en los procesos electorales.
Cualquier juez interesado en ser excluido de actuar como Presidente o Presidente Alterno o cualquier jueza interesada en ser excluida de actuar como Presidenta o Presidenta Al-terna de una Comisión Local de Elecciones, deberá presentar una solicitud de exclusión ante el Director Administrativo o la Directora Administrativa de los Tribunales, quien tendrá la obligación de considerarla a la luz de los parámetros antes expuestos. En un término no mayor de dos días laborables a partir de la presentación de la solicitud, el Director Adminis-trativo o la Directora Administrativa de los Tribunales deberá informar su decisión al juez o a la jueza solicitante.
Este proceso no considera la inhibición inmediata o motu proprio del juez o de la jueza. Sin embargo, dispone las razones por las cuales, mediante comunicación escrita, el juez o la jueza presentará y fundamentará su petición de exclusión o reasignación.

Notifíquese inmediatamente a la Directora Administra-tiva de los Tribunales y publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodrí-guez no intervino.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo